**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELIZABETH A. BROKAW; RAJNIT
VIRDI; GAIL L. COFEY; JANICE D.
WATTS; YELANA HAGAN; and
WILLIAM THOMPSON,

        Plaintiffs,

v.                                Case No. 6:15-cv-855-Orl-37KRS

NATIONAL AIR CARGO HOLDINGS,
INC.; and NATIONAL AIR CARGO
MIDDLE EAST FZE;

        Defendants
_____

ROBIN D. HASLER; and WILLIAM J.
HASLER,

        Plaintiffs,

v.                                Case No. 6:15-cv-906-Orl-37KRS

NATIONAL AIR CARGO HOLDINGS,
INC.; NACH FLORIDA, INC.;
NATIONAL AIR CARGO, INC.;
NATIONAL AIR CARGO MIDDLE EAST
FZE; and THE BOEING COMPANY,

        Defendants
_____

DEBRA SLONE,

        Plaintiff,

v.                                Case No. 6:15-cv-1658-Orl-37KRS

THE BOEING COMPANY; WELLS
FARGO BANK NORTHWEST, N.A.;
NATIONAL AIR CARGO HOLDINGS,

INC.; and NATIONAL AIR CARGO-
MIDDLE EAST FZE,

           Defendants.
_____

JONAS EDDINS; and SAJID SIDDIQUI,

           Plaintiffs,

v.                                        Case No. 6:15-cv-1908-Orl-37KRS

NATIONAL AIR CARGO GROUP, INC.;
and NATIONAL AIR CARGO MIDDLE
EAST FZE,

           Defendants.
_____

**ORDER**

Before the Court is a series of cases that arise out of a deadly plane crash that occurred on April 29, 2013 ("**2013 Crash**"), while an aircraft ("**Aircraft**") was transporting military cargo pursuant to a Multimodal Transportation Contract ("**MTC**") between National Air Cargo Group, Inc. ("**National Airlines**")—a subsidiary of National Air Cargo Holdings, Inc. ("**NACH**")—and the U.S. Transportation Command.[1] *See Brokaw v. Nat'l Air Cargo Holdings, Inc.*, 6:15-cv-855 ("**Brokaw Action**"); *Hasler v. Nat'l Air Cargo Holdings, Inc.*, 6:15-cv-906 ("**Hasler Action**"); *Slone v. Nat'l Air Cargo Holdings, Inc.*, 6:15-cv-1658 ("**Slone Action**"); *Eddins v. Nat'l Air Cargo Grp., Inc.*, 6:15-cv-1908 ("**Eddins Action**").[2] To carry out the MTC—which supported U.S. military objectives and

---

[1] NACH is a holding company for: (1) National Airlines, which transports passengers and cargo; and (2) National Air Cargo, Inc. and its agent, National Air Cargo Middle East FZE, which are responsible for "load planning, cargo/pallet build up, and aircraft loading of National Airlines" cargo flights. (Hasler Action, Doc. 2, ¶ 11; Brokaw Action, Doc. 19-4, p. 25.)

[2] Review of the records in all four Actions reveals substantively similar arguments

2

Department of Defense ("**DOD**") missions—National Airlines engaged National Air Cargo, Inc. ("**NAC**") and National Air Cargo Middle East FZE ("**NAC FZE**") to load the cargo, including several Mine Resistant Ambush Protected vehicles ("**Vehicles**"). (*See* Brokaw Action, Doc. 27-1, ¶¶ 6–8; *see also* Brokaw Action, Doc. 19-4, pp. 25–43 (detailing how the Vehicles were loaded).) Due to the alleged negligence of those involved in the loading, positioning, and securing of the cargo, the Aircraft lost control during takeoff and crashed, killing all those on board. (Brokaw Action, Doc. 2, ¶¶ 29, 39.)

Plaintiffs—personal representatives of decedents from the 2013 Crash—brought wrongful death and survival actions against multiple defendants, including, *inter alia*, either National Airlines or NACH. (*See* Brokaw Action, Doc. 2; Hasler Action, Doc. 2; Slone Action, Doc. 2; Eddins Action, Doc. 2.) NACH removed the Brokaw Action, Hasler Action, and Slone Action, and National Airlines removed the Eddins Action, asserting that the Court has subject matter jurisdiction over the actions pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) ("**FOR Statute**").[3] (*See* Brokaw Action, Doc. 1; Hasler Action, Doc. 1; Slone Action, Doc. 1; Eddins Action, Doc. 1.)

The pending issue—which has been raised in a variety of contexts—is whether the case is properly before this Court under the FOR Statute.[4] In this omnibus Order, the

---

and evidence, thus far. For efficiency, the Court, therefore, cites to only the record evidence in the Brokaw Action—the lowest-numbered case.

[3] The Brokaw Action, Hasler Action, and Slone Action were originally filed in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. (Brokaw Action, Doc. 2; Hasler Action, Doc. 2; Slone Action, Doc. 2.) The Eddins Action was originally filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, and was removed to the U.S. District Court for the Southern District of Florida. (Eddins Action, Docs. 1, 1-2.) District Judge Donald M. Middlebrooks subsequently transferred the case to this district. (*Id.*, Docs. 28, 29.)

[4] The Brokaw Action Plaintiffs filed a motion to remand, arguing that the Court does not have jurisdiction under the FOR Statute. (Docs. 18, 19.) The Court heard argument

3

Court concludes that the FOR Statute does not provide the Court with jurisdiction; thus, the actions are due to be remanded to state court.

## STANDARDS

The four elements for removal under the FOR Statute are: (1) the removing party is a "person" under the statute; (2) the removing party was "acting under" the federal Government or one of its officers; (3) there is a causal nexus between the federal authority and the conduct challenged in the lawsuit; and (4) the removing party has a colorable defense to the plaintiff's claim. 28 U.S.C. § 1442(a)(1); *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1196 (11th Cir. 2006). While removal provisions are usually construed narrowly, *see McMahon*, 410 F. Supp. 2d at 1196, the FOR Statute must be "liberally construed," *Watson v. Philip Morris Cos., Inc.*, 551 US. 142, 147 (2007) (citation omitted).

## DISCUSSION

The Plaintiffs aver that federal officer jurisdiction does not exist because National Airlines and NACH (collectively, the "**Removing Defendants**") were not "acting under" federal authority, cannot establish a causal nexus, and do not have a colorable federal defense. (Brokaw Action, Docs. 18, 19; Slone Action, Docs. 32, 33; Eddins Action, Doc. 27.) The Removing Defendants counter that federal officer jurisdiction is proper because: (1) the 2013 Crash occurred while National Airlines was "carrying out duties pursuant to a contract with the United States Government"; (2) the U.S. military had direct

---

on the issue from the Brokaw Action and Hasler Action parties at a status conference on October 15, 2015. (*See* Brokaw Action, Docs. 45, 62; Hasler Action, Docs. 47, 53.) In the Slone Action and Eddins Action, the issue is before the Court by way of orders to show cause why the actions should not be remanded for want of subject matter jurisdiction. (*See* Slone Action, Docs. 26, 28, 32, 33; Eddins Action, Docs. 20, 25, 27.)

control over the details of the operation that caused the 2013 Crash; and (3) they have colorable federal defenses under the Defense Base Act, the political question doctrine, and the combatant activities doctrine. (Brokaw Action, Doc. 27; Slone Action, Doc. 28; Eddins Action, Doc. 25.) The Court concludes that Removing Defendants are "persons" under the FOR Statute and were "acting under" federal authority, but agrees with Plaintiffs that there is no causal nexus between the federal authority and the challenged conduct in the lawsuit. Thus, the Court lacks subject matter jurisdiction and the actions are due to be remanded.

First, "a corporation constitutes a person for the purposes of determining whether federal officer removal jurisdiction exists." *Assocs. Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014). It is undisputed that the Removing Defendants are "persons" under the statute.

As to the second element, a removing defendant must show that "the acts that form the basis for the . . . [law]suit were performed pursuant to an officer's *direct orders* or to *comprehensive and detailed regulations*." *McMahon*, 410 F. Supp. 2d at 1196 (emphasis added). Construing this element broadly, *see Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2001); *McMahon*, 410 F. Supp. 2d at 1196, "'[a]cting under' covers situations . . . where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012). The Government must have had some sort of "subjection, guidance, or control" over the removing defendant, and the removing defendant must have made "an effort to *assist*, or to help *carry out*, the duties or tasks of the" Government. *Watson*, 551 U.S. at 151–52.

*McMahon*—another aircraft accident case—is factually similar to the cases before this Court. The *McMahon* plaintiffs brought a wrongful death action against Presidential Airways, Inc. ("**PAWS**") for its alleged negligence in failing to: (1) use reasonable care in hiring the flight crew; (2) conduct a formal route study; (3) establish a proper flight plan route; (4) supervise route planning; (5) equip the aircraft with adequate safety equipment; and (6) and warn of the unsafe condition of the aircraft. 410 F. Supp. 2d at 1192–93. PAWS removed the action pursuant to, *inter alia*, the FOR Statute on the basis that it had contracted with the Government to "provide air transportation and operation support services to the" DOD in Afghanistan ("**McMahon Contract**"). *Id.* at 1192. The court concluded that PAWS was "acting under" federal authority because: (1) DOD personnel determined the subject aircraft's routes; and (2) the McMahon Contract included crew qualifications and equipment specifications and contained provisions permitting the Government to control PAWS's contract performance. *Id.* at 1196–97.

Here, similar to *McMahon*, "the United States military determined the time frame, origin, and ultimate destination of [the flight], identified the military cargo to be transported, and provided certain facilities and equipment necessary to carry out the cargo transport operations." (*See* Brokaw Action, Doc. 27-1, ¶ 8.) Indeed, in a related case, Judge Ruben Castillo of the U.S. district court for the Northern District of Illinois concluded that NAC— the removing defendant in that action—was "acting under" federal law because it was "engaged in a task that was furthering the goals of the federal government: moving equipment for use by the US military." *Brokaw v. The Boeing Co.*, No. 15-c-4727, 2015 WL 5915996, at *7 (N.D. Ill. Oct. 5, 2015). In carrying out the MTC, National Airlines assisted the DOD in transporting its military cargo, a task the DOD otherwise would have

6

used its own agents to complete. *See Watson*, 551 U.S. at 151–52; *Ruppel*, 701 F.3d at 1181. Thus, construing the statute broadly, the Court finds that the National Airlines—a subsidiary of NACH—was "acting under" federal authority.

To satisfy the "causal nexus" element, the Removing Defendants must establish that Plaintiffs' lawsuits arose "'out of the acts done by [them] under color of federal authority and in enforcement of federal law.'" *Brokaw*, 2015 WL 5915996, at *7 (quoting *Mesa v. California*, 489 U.S. 121, 131–32 (1989)). They must demonstrate that the decisions that led to the conduct complained of were "performed *pursuant to* the *direct and detailed control* of an officer of the United States." *See Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1318 (S.D. Fla. 2004) (emphasis added). "Asserting that a defendant's conduct is performed at the general direction of a federal agency does not rise to the level of removal based on [Section] 1442(a)(1)," and a contractual relationship between a private party and a governmental agency in itself is not sufficient. *Id.* In *McMahon*, the court found that a causal nexus existed because plaintiffs' claims against PAWS were centered on matters that were specifically governed by the McMahon Contract or were decided at meetings with DOD personnel. *Id.* at 1199; *see also Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1152 (D. Colo. 2002) (explaining that private defendants seeking to invoke jurisdiction under the FOR Statute must establish that "the government authority under which they worked required them to act as they did").

Removing Defendants fail to establish a causal nexus. Here, unlike in *McMahon*, the government did not control National Airlines' performance of the contract and, thus, did not have "direct or detailed control" over the decisions that led to the allegedly

negligent conduct. *See Kennedy*, 329 F. Supp. at 1318. The record fails to show that the U.S. military directed or had any involvement in the decision to ship the Vehicles on palettes, to ship all of the Vehicles on the same flight, or to secure the Vehicles in the manner in which they were secured. Indeed, the record shows just the opposite—that National Airlines had significant discretion in deciding how to perform its duties under the MTC and that the NAC and NAC FZE employees made and carried out the decisions that form the basis of Plaintiffs' claims. (*See* Brokaw Action, Doc. 19-8, p. 2 (explaining that the National Airlines loadmaster was responsible for weight and balance); Doc. 19-11 (explaining the loadmaster's responsibilities, with no reference of the military or Government oversight or direction); Doc. 19-13 (explaining that NAC used only the military's *assistance* in loading and stating that "[t]he military is typically not a part of the pallet building or loading of the [Vehicles]"); Doc. 32-3 (requiring National Airlines to have personnel and equipment to ship and load the DOD cargo); Doc. 32-5 (explaining that NAC asked the military to assist by lending some of its equipment to help the loading process).)

Absent a causal nexus, the Court's inquiry is complete. The Removing Defendants have not satisfied all four elements for jurisdiction under the FOR Statute.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that *Brokaw v. Nat'l Air Cargo Holdings, Inc.*, 6:15-cv-855, *Hasler v. Nat'l Air Cargo Holdings, Inc.*, 6:15-cv-906, and *Slone v. Nat'l Air Cargo Holdings, Inc.*, 6:15-cv-1658 are **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, and *Eddins v. Nat'l Air Cargo Grp., Inc.*, 6:15-cv-1908 is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. The Clerk is **DIRECTED** to enter

this Order in each of the aforementioned case files, terminate all pending motions and deadlines, and close the files.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 8, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Clerk of Court for the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida

Clerk of Court for the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida